IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INSIGHT INVESTMENTS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> BOSTON MARKET CORPORATION, <br><br> Defendant. | Civil Action No. 23-cv-1077-GBW |

## MEMORANDUM ORDER

Plaintiff Insight Investments, LLC ("Insight") filed a Complaint (D.I. 1) against Defendant Boston Market Corporation ("BMC") for breach of contract, replevin, and detinue. D.I. 1. Insight served the Complaint upon BMC on September 29, 2023. D.I. 4. On October 30, 2023, Insight filed its Request for Entry of Default with the Court. D.I. 5. The Clerk of Court entered default on November 16, 2023. D.I. 7. Pending now is Insight's Motion for Default Judgment (the "Motion," D.I. 8). For the reasons below, the Court grants the Motion.

### I. BACKGROUND

When the Court considers whether to enter a default judgment after an entry of default, it must take "'the factual allegations of the complaint, except those relating to the amount of damages, . . . as true.'" *PPG Indus. Inc v. Jiangsu Tie Mao Glass Co. Ltd*, 47 F.4th 156, 161 (3d Cir. 2022) (citations omitted). On or about February 17, 2021, Insight, as lessor, and BMC, as lessee, entered into a Master Lease Agreement No. 9515 (the "Master Lease") for the lease of equipment described in subsequent schedules. D.I. 1 ¶ 5. The Master Lease provides that each schedule constitutes a separate lease. *Id.* ¶ 6. The table below sets out the leases entered into:

1

| Schedule No. | Effective Date | Monthly Payment to Be Paid Thirty-Six (36) Times |
|---|---|---|
| Schedule No. 1 | April 1, 2021 | $14,706.52 |
| Schedule No. 2 | June 30, 2021 | $9,718.88 |
| Schedule No. 3 | February 1, 2022 | $3,991.68 |
| Schedule No. 5 | April 1, 2022 | $1,880.64 |
| Schedule No. 6 | April 1, 2022 | $59,269.23 |
| Schedule No. 7 | December 1, 2022 | $9,023.32 |

*Id.* ¶¶ 7-24. BMC executed Certificates of Acceptance, certifying that all of the equipment under these leases had been delivered, tested, inspected, and accepted. *Id.* Insight filed a UCC-1 Financing Statement with the Delaware Department of State. *Id.* ¶ 25. BMC defaulted under each of the leases, failing to make payments when due. *Id.* ¶ 27. The Master Lease required BMC to pay an overdue rate of one and one-half percent (1.5%) per month. *Id.* ¶ 29. The amount owed under the leases is set out in the table below:

| Schedule No. | Default Date | Monthly Payment | Months Not Paid | Discounted[1] Amount Owed Pre-Interest | Interest Owed (per diem rate * # of days overdue) | Total Owed |
|---|---|---|---|---|---|---|
| 1 | Oct. 1, 2023 | $14,706.52 | 6 | $86,880.94 | $8,441.45 ($42.85*198) | $95,365.24 |
| 2 | Sept. 1, 2023 | $9,718.88 | 9 | $85,639.78 | $9,586.21 ($42.23*228) | $95,268.22 |
| 3 | Oct. 1, 2023 | $3,991.68 | 16 | $61,565.78 | $5,980.92 ($30.36*198) | $67,577.06 |
| 5 | Sept. 1, 2023 | $1,880.64 | 19 | $34,257.69 | $3,834.03 ($16.89*228) | $38,108.61 |
| 6 | Sept. 1, 2023 | $59,269.23 | 19 | $1,079,464.50 | $120,841.18 ($532.34*228) | $1,200,838.02 |
| 7 | Sept. 1, 2023 | $9,023.32 | 26 | $234,606.32 | $26,263.90 ($115.70*228) | $260,985.92 |

*See id.* ¶¶ 7-28; D.I. 8, Ex. 1 ¶ 39. Insight is further entitled to its attorneys' fees and costs under the Master Lease. D.I. 1 ¶ 30. The Master Lease gives Insight the right to the return of the leased

---

[1] The payment balance is discounted by the U.S. Treasury Bill rates for the date of acceleration for the closest number of terms, leading to variable discount rates from 5.1% to 5.34%.

equipment. *Id.* ¶ 39. Insight attempted to regain possession of the leased equipment, but BMC has retained possession of it. *Id.* ¶¶ 40-44.

## II. LEGAL STANDARD

Default judgments are "generally disfavored" in the Third Circuit. *Budget Blinds, Inc. v. White*, 536 F.3d 244, 258 (3d Cir.2008). A district court's decision to enter default judgment is reviewed for abuse of discretion. *PPG Indus.*, 47 F.4th at 160 n.10. "Rule 55 of the Federal Rules of Civil Procedure sets out a two step process for entry of a default judgment . . . ." *Anderson v. Loc. 435 Union*, 791 F. App'x 328, 330 (3d Cir. 2019). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Next, the party seeking default may apply for default judgment either from the clerk, in certain cases—"[i]f the plaintiff's claim is for a sum certain" and the defendant has not appeared and "is neither a minor nor an incompetent person"—or from the Court, in "all other cases." Fed. R. Civ. P. 55(b).

Before entering a default judgment, the Court must decide whether "'the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 536 (D.N.J. 2008) (citation omitted); *see Travelers Cas. & Sur. Co. of Am. v. Perlman*, 351 F. Supp. 3d 930, 932 (E.D. Pa. 2019) (same). *But see Anderson*, 791 F. App'x at 332 (permitting, but not requiring, a district court to raise *sua sponte* a complaint's deficiency in the default judgment context). If the complaint establishes a cause of action, the court then considers three factors to determine if default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct."

*Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000); *see PPG Indus. Inc v. Jiangsu Tie Mao Glass Co. Ltd*, 47 F.4th 156, 160 n.8 (3d Cir. 2022) (same); *United States v. Wunder*, 829 F. App'x 589, 590–91 (3d Cir. 2020) (same).

### III. DISCUSSION

Since Insight properly obtained default from the Clerk of Court, D.I. 7, the Court must decide if Insight has a legitimate cause of action and then apply the *Chamberlain* factors. Under the choice of law provisions of the Master Lease, the leases are governed by the laws of the state of California. D.I. 8-1, Ex. D ("Master Lease"), ¶ 19. "Delaware courts will generally honor a contractually-designated choice of law provision so long as the jurisdiction selected bears some material relationship to the transaction." *J.S. Alberici Const. Co., Inc. v. Mid-W. Conveyor Co., Inc.*, 750 A.2d 518 (Del. 2000). "A material relationship exists where a party's principal place of business is located within the foreign jurisdiction." *Deuley v. DynCorp Int'l, Inc.*, 8 A.3d 1156 (Del. 2010). Since Insight is domiciled in California, D.I. 1 ¶ 1, California law is an appropriate choice of law for the leases.

To establish breach of contract, California law requires a plaintiff to demonstrate (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) the defendant's breach, and (4) resulting damages to the plaintiff. *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (Cal. 2011). Insight has pled the existence of the Master Lease and the subsequent schedules, D.I. 1 ¶¶ 5-6, its own performance, D.I. 1 ¶ 26, BMC's failure to pay the owed amount, D.I. 1 ¶ 27, and damages in the amount of the delinquency, D.I. 1 ¶ 28. Thus, Insight has established a cause of action for breach of contract under California law.

Insight also seeks a writ of replevin against BMC ordering the United States Marshals to use all necessary force and break any locks to repossess the leased equipment from BMC. D.I. 8

¶ 22. Under California law a plaintiff is entitled to a replevin order if it establishes (1) a description, value, and, to the best of its knowledge, the location of the property; (2) that the plaintiff is lawfully entitled to the possession of said property; (3) that the defendant is wrongfully detaining personal property; (4) that the personal property has not been taken for any tax, assessment, or fine levied by virtue of any law of California, against the property of the plaintiff, nor seized under any lawful process against the goods and chattels of the plaintiff subject to such lawful process, nor held by virtue of any order for replevin against such plaintiff. Cal Civ. Proc. Code § 512.010 (West 2024). Insight has described the leased equipment, its value, and its locations. D.I. 1 ¶ 43; D.I. 8-1 ¶ 45. Insight has established that it is entitled to the leased quipment by virtue of the terms of the leases. D.I. 1 ¶ 38. Insight has pled that BMC has wrongfully detained the leased equipment. *Id.* ¶ 41. Insight has certified that the leased equipment has not been taken, seized, or held under any of the applicable provisions of California law. *Id.* ¶ 42. Thus, Insight has met its burden of establishing that it is entitled to a writ of replevin.

Insight further seeks an Order of Detinue against BMC ordering it to assemble and surrender the leased equipment to Insight under penalty of contempt. Under California law, if a lessee fails to make a payment when due, the lessor may, *inter alia*, "take possession of goods previously delivered." Cal Com. Code § 10523(a). "If the lease contract so provides, the lessor may require the lessee to assemble the goods and make them available to the lessor at a place to be designated by the lessor which is reasonably convenient to both parties." Cal. Com. Code § 10525 (West). The Master Lease states that upon default, Insight may terminate the leases. Master Lease ¶ 15. Upon termination, the Master Lease requires BMC to, at its expense, deinstall, pack and ship the leased equipment to Insight. *Id.* ¶ 9. Thus, Insight has established that it is entitled to an Order of Detinue under California law, based on its first priority, perfected security

interest in the leased equipment, Defendants' default, and Defendants' wrongful retention of the leased equipment.

The *Chamberlain* factors favor Insight. Under the facts alleged in the complaint, which the Court is obliged to accept as true, *PPG Indus.*, 47 F.4th at 161, Insight would suffer prejudice by being deprived of the recovery of a significant sum of money and property. *See* D.I. 1 ¶ 28. Meanwhile, BMC has no reason for its failure to abide by the parties' contracts, nor any excuse for its failure to appear. *See id.* ¶¶ 1-32; D.I. 4 (service). Even if the Court were to assume that BMC's failure to respond in this action was not due to culpable conduct, the *Chamberlain* factors would still favor Insight. Thus, the Court grants default judgment.

"The Court takes the Complaint's well-pled facts as true, but damages must be proven by the Plaintiff." *J & J Sports Prod., Inc. v. M&I Hospitality of Del., Inc.*, 2018 U.S. Dist. LEXIS 196646, at *5 (D. Del. Nov. 19, 2018). Insight alleges breach of contract damages arising from six (6) individual leases, subject to the Master Lease. Insight attached the relevant leases, provided evidence of payment history, and provided sufficient information for the Court to calculate damages (along with appropriate pre-judgment interest). *See* D.I. 8-1 ¶¶ 38-40; *see* calculations *supra* Part I. Thus, the Court finds that Insight has proven actual damages of $1,758,143.07.

The Master Lease also requires BMC to pay reasonable attorneys' fees and costs incurred by Insight in the collection of any delinquent sums. D.I. 1 ¶ 30. Insight has incurred attorneys' fees and costs in the amount of $18,861.57. D.I. 8 ¶ 21. The Court finds that these fees are reasonable and proportionate to the matter at hand and, thus, finds that Insight is entitled to $18,861.57 in fees.

Therefore, at Wilmington this 16th day of April 2024, **IT IS HEREBY ORDERED** that Insight's Motion for Default Judgment is **GRANTED.** The Court enters judgment in favor of

Insight Investments, LLC, and against Boston Market Corporation, in the amount of $1,777,004.64. The Court **GRANTS** a Writ of Replevin in favor of Insight Investments, LLC and against Boston Market Corporation for collateral more specifically set forth in "Attachment A" on all leases; **DIRECTS** the U.S. Marshal or duly authorized authority to use all necessary force, including the breaking of any locks, to repossess the leased equipment, or any portion thereof, from the locations provided in "Attachment A" to each of the leases, or where it may be found, and to deliver the leased equipment to Insight Investments, LLC. **IT IS FURTHER ORDERED** that Boston Market Corporation shall assemble and surrender to Insight Investments, LLC the leased equipment set forth in "Attachment A" to each of the leases at a time and place designated by Insight Investments, LLC, within fourteen (14) calendar days of service of this Order.

GREGORY B. WILLIAMS<br>
UNITED STATES DISTRICT JUDGE